IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAYMOND SERIO, <br> No. B-70625, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) Case No. 15-cv-1203-MJR <br> ) |
| ILL. DEPT. OF CORRECTIONS, and <br> KIMBERLY C. BUTLER, | ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Raymond Serio is an inmate currently housed in Menard Correctional Center. Plaintiff brings this action seeking a temporary restraining order aimed at preserving evidence in anticipation of future litigation. He explains that he has been wrongly convicted of a disciplinary offense. He purportedly urinated on a nurse, but he contends that surveillance video will exonerate him. He contemplates bringing a legal action and wants to ensure that the video evidence is preserved.

Construing the "Motion" as a complaint seeking only injunctive relief (as Warden Butler is sued only in her official capacity and injunctive relief is all that is sought), the Court must perform a preliminary review pursuant to 28 U.S.C. § 1915A.

Plaintiff Serio's motion/complaint is problematic for multiple reasons. First, there is no indication Plaintiff has exhausted available administrative remedies, as required under 42 U.S.C. § 1997e(a). Failure to so exhaust is grounds for summary

dismissal of the complaint. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000). In addition, an attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004); *Perez Wis. Dep't of Corrs.,* 182 F.3d 532, 536–37 (7th Cir. 1999). There is insufficient information before the Court at this juncture to definitively find that Plaintiff has failed to exhaust administrative remedies, but the timing of the suit suggests that Serio has not done so.

Serio indicates that he previously filed a similar motion in the circuit court of Randolph County. That case, however, has never been acknowledged in the circuit court, so this federal district court is not necessarily precluded from taking action.

Serio's request for injunctive relief via a temporary restraining order ("TRO") is an overreach. A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). No particular basis is offered for concluding that evidence is likely to be destroyed. The motion fails on that basis alone. Amendment, however, would be futile because, in essence, Plaintiff has failed to state a claim upon which relief can be granted.

The duty to preserve evidence in anticipation of litigation arises when a party reasonably knows the evidence would be material to a foreseeable legal action. *See Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) (a party has no duty to preserve evidence because it had no reason to anticipate litigation); *see also McDaniel v. Loyola University Medical Center*, 13–CV–06500, 2014 WL 1775685, at *2 (N.D. Ill. May 5, 2014) ("A party has a duty to preserve evidence over which it had control and reasonably knew or could reasonably foresee was material to a potential legal action"). Thus, Serio does not need a court order; rather, he needs to put the warden on notice of his intended legal action. Although notice does not guarantee that evidence will not be destroyed in bad faith, it does trigger the duty to preserve evidence and provide the basis for evidentiary penalties and sanctions if litigation ensues. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50–51(1991); *In rePradaxa (Dabigatran Etexilate) Products Liab. Litig.*, Case No. 12-MDL-2385-DRH-SCW, 2013 WL 5377164, at *5 (S.D. Ill. Sept. 25, 2013).

**IT IS THEREFORE ORDERED** that Plaintiff Serio's motion for a temporary restraining order is **DENIED** and this action is **DISMISSED without prejudice**; judgment will enter accordingly. In the Court's discretion, due to the unusual nature of this action, no strike will be assessed for purposes of 28 U.S.C. § 1915(g).

Plaintiff's motion for leave to proceed as a pauper shall be addressed by separate order. The fact that this action has been dismissed does not alieve Plaintiff of the obligation to either pay the filing fee. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff is **ADVISED** that if he wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be non-meritorious, Plaintiff may also incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: October 29, 2015**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**